UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY MCKINNEY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-CV-01339-DDD-JPM |
| ) | |
| RAPIDES PARISH SHERIFF'S OFFICE and ) | |
| SHERIFF WILLIAM EARL HILTON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **PROTECTIVE ORDER**

IT IS HEREBY ORDERED, JUDGED AND DECREED that this Protective Order shall govern the production documents identified by the parties as "Confidential Information" as follows:

### **DEFINITIONS**

1.  Confidential Information is defined as any non-publicly-available material designated "Confidential," which may include but is not limited to material so designated or appearing in: (1) "documents"; (2) "discovery responses"; (3) pleadings; or (4) "testimony." "Documents" include all writings, recordings and photographs as defined by Federal Rules of Evidence, Rule 1001, including originals and all copies thereof, and including medical records, in whatever form maintained or produced. "Discovery responses" include "documents" produced in response to Requests for Production, responses to Interrogatories, and responses to Requests for Admission. "Testimony" includes all testimony given under oath in this proceeding, all transcripts, recordings, or videotapes thereof, and all "documents" referred to therein.

2.  "Permitted persons" include (1) named counsel of record for the parties to this litigation, partners, employees, and agents of counsel of record and their firms who are assisting in

1

prosecution or defense of this litigation; (2) expert witnesses or consultants and their employees who are assisting them, who have been engaged by counsel for a party to assist in prosecution or defense of this action; and (3) the named parties to this litigation. The court, and any court employees involved in the handling of these cases, shall also be considered "permitted persons".

## SCOPE OF ORDER

3. Except as otherwise ordered by the Court, this Order shall apply only to medical and financial documents produced in this litigation after the entry of this Order, including all future materials produced by parties designated as "Confidential."

4. "Confidential information" must be used solely and exclusively for purposes of this case, and then only in accord with the provisions of this Order. Such information may not be used in or for other cases, proceedings or disputes or any other purpose.

6. Except with the prior written consent of opposing counsel, all documents designated as "Confidential" may not be disclosed in any way, except to "Permitted Persons." All documents designated as "Confidential" may only be filed under seal.

7. It is the responsibility of counsel for each party to maintain material designated as "Confidential" in a secure manner, so as to allow access only to "Permitted Persons."

8. All "Confidential Information" that is submitted to the Court or used in any proceeding before the Court shall remain subject to this Order. A party desiring to use information designated as "Confidential" in any proceeding before the Court in a fashion that would reveal its contents to non-Permitted Persons, shall provide the opposing counsel with at least ten (10) days' notice of that intent, to enable the other party to seek any additional protection that it may desire.

9. Any party may object to the propriety of the designation of specific material as Confidential by serving a written objection upon the Producing Party's counsel. The Producing

Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Objecting Party may move the Court for an order withdrawing the designation as to the specific designations on which the Parties could not agree. Counsel may agree to reasonable extensions of the twenty (20) day period, if necessary. On such a motion, the Producing Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential under applicable law. In the event a motion is filed by the Objecting Party, the information at issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise. A Receiving Party does not waive its right to challenge a Confidential designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate.

## PROCEDURE AFTER RESOLUTION

10. Within sixty (60) days after the conclusion of this matter (including any appellate proceedings), all "Confidential Information," including all copies made of same, except as specified below, shall be destroyed by the recipient or returned to opposing counsel, at the election of opposing counsel.

11. The provisions of this Order shall remain in full force and effect after the entry of final judgment in this case (including any appellate proceedings).

12. The Court will retain jurisdiction, both before and after entry of final award in this case, to construe, enforce and amend the provisions of this Order.

13. Breach of the provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule and the inherent power of the Court.

Alexandria, Louisiana, this 8th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF LOUISIANA