UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY MCKINNEY, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 19-cv-01339-DDD-JPM |
| RAPIDES PARISH SHERIFF'S OFFICE, *et al.* | ) ) ) |
| Defendants. | ) ) ) |

**Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment**

| Fact Number | Fact | Defendants' Response |
|---|---|---|
| 1. | A RPSO employee wrote that McKinney "was having difficulty with simple motor skills such as walking, balance, comprehension, and also appeared to be generally fatigued. . . . His speech was slurred, and he was stuttering."[1] | |
| 2. | RPSO's 30(b)(6) witness testified that McKinney "was impaired from the stroke he had had the year before."[2] | |
| 3. | McKinney's doctor wrote that McKinney had "multiple neurological and medical conditions"[3] | |
| 4. | In a letter of November 28, 2018, McKinney's doctor wrote that McKinney "is to work 8 hours a day because I do not want his stress level to go up and cause elevated blood pressure with repeat stroke, especially a hemorrhagic stroke."[4] | |
| 5. | Warden Batiste allowed McKinney to work about two eight-hour shifts in the jail's kitchen.[5] | |

---

[1] Ex. D (May 7, 2019 Incident Report).
[2] Ex. A (30(b)(6) Dep.) at 57 ("Q. And then in the fall of -- of 2018, Mr. McKinney failed his -- his firearm certification process, correct? A. Correct. Q. Because he was impaired from the stroke he had had the year before? A. Yes.")
[3] Ex. O (July 31, 2018 Letter of Dr. M. Riad Hajumurad)
[4] Ex. E (November 27, 2018 Doctor's Letter).
[5] Ex. A at 85 ("Warden Batiste did allow Mr. McKinney to work a couple of eight-hour shifts" and it was "about two shifts.")

1

| | | |
|---|---|---|
| 6. | Jerry McKinney "had the Warden's permission to do those two eight-hour shifts."[6] | |
| 7. | In a letter dated November 29, 2018, Major Hollingsworth wrote that eight-hour shifts are "not in [McKinney's] job description" and that his "job description is working a 12 hour shift with offenders and if you cannot do this, my suggestion is to retire."[7] | |
| 8. | In a letter dated December 5, 2018, McKinney wrote that as "a person with a disability under the Americans With Disabilities Act (ADA). I am requesting reasonable accommodation to allow me to perform my job duties. . . I would like to change my location and work schedule so that I can work eight (8) hours per day and not the twelve (12) I am currently assigned."[8] | |
| 9. | In a letter dated Dec. 10, 2018, Sheriff Hilton wrote that there "are no other positions available in the department for which you are qualified, and we feel it is time for you to retire."[9] | |
| 10. | In a letter dated December 17, 2018, McKinney asked to "work in any other section of the sheriff's office which may have eight hour shift" and wrote that "I do not want to retire at this time and feel that I can continue my career at the sheriff's office very successfully."[10] | |
| 11. | In a letter dated December 19, 2018, Sheriff Hilton wrote that he was terminating McKinney's employment "effective immediately." The subject line of the letter was "RE: Request for Alternative Arrangement."[11] | |

---

[6] Ex. A at 87; *see also id.* at 85 ("Warden Batiste did allow Mr. McKinney to work a couple of eight-hour shifts" and it was "about two shifts.")
[7] Ex. G. Emphasis added.
[8] Ex. H (Dec. 5, 2018 Letter from McKinney).
[9] Ex. I (Dec. 10, 2018 Letter from Hilton).
[10] Ex. J (Dec. 17, 2018 Letter from McKinney)
[11] Ex. K (Dec. 19, 2018 Termination Letter).

| 12. | RPSO did not conduct an interactive process of seeing what kind of jobs McKinney could do or what kind of accommodations he needed.[12] | |
|---|---|---|
| 13. | There were at least some positions that McKinney "could have been qualified for," but was not offered.[13] | |
| 14. | RPSO has given at least one employee eight-hour shifts at the jail "due to a family issue."[14] | |

Respectfully submitted,

/s/ William Most_____
William Most (La. Bar No. 36914)
David Lanser (La. Bar No. 37764)
LAW OFFICE OF WILLIAM MOST
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

/s/ Kerry A. Murphy__
Kerry A. Murphy, T.A. (La. Bar No. 31382)
Catherine E. Lasky (La. Bar No. 28652)
LASKY MURPHY LLC
715 Girod Street, Suite 250
New Orleans LA 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
Email: kmurphy@laskymurphy.com

---

[12] Ex. A at 99 ("Q. So you didn't have an interactive process with him of – of seeing what kind of jobs he could do or what kind of accommodations he needed. Is that correct? A. That's correct.")

[13] Ex. A at 185. ("Q. Okay. So it looks to me like there were at least some positions that Jerry could have been qualified for, like, the part-time Finance Department position and perhaps, but you don't know, the -- the jail records position, correct? A. I'm assuming. I guess, yes."); *Id.* at 172 ("Q. That's an opening, correct? A. It appears to be, yes, sir. Q. And jail records, we already established is not POST certified, correct? A. Correct. Q. Okay, and jail records doesn't require working 12 hours a day, correct? A. No, it does not."); Ex. T at 110 ("Q. And this indicates that in the beginning of December of 2018 there was an opening in Jail Records, right? A. That's what it appears to be, yes.")

[14] Ex P at RFA 62-63 (admitting that Bobbie Duncan was assigned to eight-hour shifts at the jail "due to a family issue.")

3