UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY MCKINNEY, SR., )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>RAPIDES PARISH SHERIFF'S OFFICE and )<br>SHERIFF WILLIAM EARL HILTON, )<br>)<br>  Defendants. )<br>)<br>_____) | Case No. 1:19-CV-01339-DDD-JPM |

## DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1. Jerry McKinney ("McKinney") is a former Rapides Parish Sheriff Deputy

2. McKinney had a small embolic stroke in November 2017.

4. In March of 2018, McKinney's post certification expired.

5. By May 23, 2018, McKinney's treating neurologist, Dr. Hajimurad, stated he was "back to baseline."

6. In July 31, 2018, McKinney returned to Dr. Hajimurad with a new complaint of sensitivity to loud noises.

7. Dr. Hajimurad conducted an objective test to determine if McKinney was sensitive to noises which was negative.

8. On July 31, 2018, Dr. Hajimurad writes a letter based on McKinney's subjective complaints that he cannot work in conditions where there are loud noises and a prescription that states McKinney is not allowed to shoot a gun.

9. Following the July 31, 2018 visit, McKinney returns to the Sheriff's Office and shoots over 1000 rounds in an effort to retain his POST certification for firearms.

10. McKinney received state supplemental pay from his last qualifying score of February 2017 through November 2018 while having knowledge that his Post certification had lapsed and that he was prevented by doctor's orders to shoot a firearm in an attempt to recertify.

11. Dr. Hajimurad testified in deposition that had he known what McKinney was actually doing, he would have retracted his July 31, 2018 letter and not given McKinney the

      excuse that he had requested.

12. McKinney was transferred to a Corrections Officer position in a detention facility with twelve-hour shifts on November 8, 2018 due to his inability to qualify with his weapon.

13. McKinney provided a note dated November 27, 2018 from his doctor after his transfer confirming he needed to work eight-hour shifts "due to disabilities related to his stroke."

14. Dr. Hajimurad testified in deposition that he would not have written the November 27, 2018 letter had he known that he was shooting rounds of ammunition at the range.

15. Plaintiff has no objective evidence of any sensitivity to loud noises.

16. Plaintiff has no objective evidence of inability to work in corrections.

17. Plaintiff testified that he could not perform the essential elements of being a corrections officer due to loud noises and 12-hour shifts.

18. 12-hour shifts are essential to the job of a corrections officer.

19. Loud noises are inherent in the job of a corrections officer.

20. Plaintiff testified that working in corrections creates a danger to himself and the inmates.

21. Plaintiff's request was to be transferred out of corrections to which he was assigned and to an administrative position working eight hours without loud noises.

      Respectfully submitted:

      _/S/Timothy R. Richardson_____
      Timothy R. Richardson (#27625)
      USRY & WEEKS
      1615 Poydras Street, Suite 1250
      New Orleans LA 70112
      Telephone:   (504) 592-4600
      Facsimile:   (504)592-4641
      Email:  trichardson@uwmlaw.com
      Attorney for Sheriff William Earl Hilton