UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JERRY MCKINNEY** | **CASE NO.  1:19-CV-01339** |
| **VERSUS** | **JUDGE JOSEPH** |
| **SHERIFFS OFFICE RAPIDES PARISH ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

### SETTLEMENT CONFERENCE ORDER

The undersigned will conduct a settlement conference in the above captioned matter on **Thursday, March 4, 2021 at 9:00 a.m.** via video teleconference.  The link access will be sent prior to the hearing.

The parties are ORDERED to comply with the following requirements.

**A.   Exhaustion of Settlement Attempts**

As a precondition to the settlement conference, the parties must exhaust attempts to settle the case.  This means more than exchanging an initial demand and counteroffer.  Rather, the parties must make every effort to resolve the case before the settlement conference.

**B.   Teleconferences**

A joint teleconference is scheduled for **Wednesday, February 10, 2021 at 10:00 a.m.** Counsel for plaintiff is instructed to initiate the joint teleconference.  The telephone number to the undersigned's chambers is (318) 473-7510.

Additionally, unless any party objects and the Court finds merit in such an objection, or unless the Court orders otherwise, counsel for each party will participate in an ex parte teleconference with the undersigned.  Plaintiff's counsel will call the undersigned's chambers on **Thursday, February 25, 2021 at 9:00 a.m.** for an ex parte teleconference.  Defendants' counsel

2

will call the undersigned's chambers on **Thursday, February 25, 2021 at 10:00 a.m.** for an ex parte teleconference.

**C.     Confidential Statements**

Each party shall submit to the undersigned a written Confidential Settlement Conference Statement ("Confidential Statement") to arrive in chambers **no later than Thursday, February 18, 2021.** Statements will be limited to five (5) pages and will not include attachments or other submissions. During the joint teleconference referenced in Section B above, parties may request an increased page limit and/or permission to append attachments to a Confidential Statement. Good cause for either request must be shown.

Confidential Statements may be submitted either (1) by regular mail, UPS, or FedEx to chambers, 515 Murray Street, Room 331, Alexandria, LA 71301, or (2) by email to motions_perez-montes@lawd.uscourts.gov. This email address is not a substitute for electronic filing, however. Chambers will not read or file unsolicited letters, motions, or other submissions to this email address. Use this email address only to submit the Confidential Statement, unless otherwise instructed.

Confidential Statements shall contain the following:

1. The name and title of the client or authorized representative who will attend the conference with counsel.

2. A statement confirming that the person identified in the preceding paragraph has full settlement authority as defined below under Section D, "Attendance." This means, for example, that no phone call to any other person will be necessary before the attending client or representative can make significant or even drastic changes in the settlement posture of the party in question.

3. A brief analysis of: (a) the key issues involved in the litigation, with each issue numbered separately; and (b) any "sticking points" preventing settlement, identified and numbered separately.

4. A brief description of: (a) the strongest and (b) the weakest points in your case, both legal and factual, and (c) your most persuasive argument.

5. The status of any settlement negotiations, including the last settlement proposal made by you and to you.

6. A likely total judgment range if Plaintiff(s) were to prevail on the main demand, or Defendant(s) were to prevail on any counterclaim.

7. The chance (expressed as a percentage) that Plaintiff(s) will prevail at trial on the main demand, or Defendant(s) will prevail at trial on any counterclaim.

8. A settlement proposal that you would be willing to make to initiate further settlement discussions.

9. On behalf of any compensation intervenor: (a) the current amounts of compensation and medicals paid; (b) an evaluation of the likelihood of future exposure; and (c) a calculation of future exposure including a description of the factors used in the calculation.

10. An estimate of the legal fees and expenses which the client will incur from the date of the conference through trial, if the case is not settled, along with a statement of whether and how these fees and expenses may affect settlement, and whether you have discussed them with your client and opposing counsel.

11. A statement as to whether there is any ancillary litigation pending or planned which affects case value.

4

12. A statement as to: (a) whether there is confidential information which affects case value; (b) why that information should not be disclosed; and (c) how the opposing side may be persuaded to change its valuation of the case without this information.

13. A description of any supporting documents not attached to the Confidential Statement with the Court's permission, but which may be available during the settlement conference and/or may otherwise be useful in facilitating a settlement.

The contents of the Confidential Statements and all communications made in connection with the settlement conference are confidential and will not be disclosed to anyone outside the litigation without the express permission of the communicating party. The Confidential Statements and any other documents submitted for the Settlement Conference will be maintained exclusively in chambers and will be destroyed after the settlement conference.

**D.  Attendance**

1. Trial counsel and a representative of each party with "full settlement authority" shall personally attend the settlement conference. This order is made on consideration of the specific facts and the nature of this case, and in light of the court's interest in using judicial resources in the most efficient manner possible. *In re* Stone, 986 F.2d 898 (5th Cir. 1993).

    a. "Full settlement authority" means, at a minimum, authority to commit a party to pay, in the representative's sole discretion, a settlement amount up to the opposing party's prayer for relief or the opposing party's last settlement demand (whether or not that demand will be accepted), whichever is lower, even if that amount may not actually be authorized during the settlement conference.

      b.    For Plaintiff(s), the representative must have final authority, in the representative's sole discretion, to authorize dismissal of the lawsuit with prejudice.

      c.    For an intervenor, the representative must have final authority to negotiate and compromise the intervenor's claims, including authority to waive its intervention, to contribute an amount toward settlement up to its estimated future exposure, to approve a settlement agreement between Plaintiff(s) and Defendant(s), or any combination of thereof.

2. If Board approval is required to authorize settlement, attendance of the entire Board is required, unless the Court excuses some or all members upon a party's specific request. The attendance of at least one sitting member of the Board (preferably the Chairman) will always be required.

3. Any insurance company that is a party or is contractually required to defend or to pay damages must have a representative with "full settlement authority" present at the conference, unless the company will be represented by trial counsel with full settlement authority. In this context, "full settlement authority" means the authority to commit the insurance company, in the representative's sole discretion, to pay any amount within the policy limits or up to the opposing party's last settlement demand, whichever is lower.

5. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this order.

6. Failure to fully comply with these attendance requirements may result in the imposition of appropriate sanctions. Additionally, if any party or counsel will not

6

be prepared to make a good faith effort to settle this case on the day of the Settlement Conference, please advise. Failure of any party or a party's attorney to participate in the Settlement Conference in good faith may also result in the imposition of sanctions. <u>Guillory v. Domtar Industries, Inc.</u>, 95 F.3d 1320, (5th Cir. 1996).

**E.     Format**

The Court will use a mixed format to conduct the settlement conference. The Court generally will give instructions to parties and attorneys; conduct a joint session; conduct private caucus sessions with both parties, and; memorialize any settlement terms on closing documents provided by the parties or the Court, and/or on the record. The Court may also employ other methods to facilitate a settlement.

**F.     Closing Documents and Issues**

Unless otherwise instructed by the Court, counsel for Defendant(s) will prepare a draft of all closing documents necessary to settle the case before the Settlement Conference. Defense counsel will circulate a draft of any such documents to all other parties on or before the date of the joint teleconference referenced in Section B above. Defense counsel will bring an electronic copy of all closing documents on a portable storage device. The electronic copy must be editable and saved in Microsoft Word format.

Moreover, all parties must consider and be prepared to address the following questions at the settlement conference:

    1.     Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, and Rule 68 offers of judgment?

2. How soon could settlement funds and/or any uncirculated closing documents be exchanged?

3. Has an agreement on attorney's fees been reached with your client?

4. If a settlement is not reached, what is your plan for continued settlement discussions? Will you request Court involvement in these discussions?

5. If a settlement is reached, are you willing to consent to the undersigned presiding over any future motions or other proceedings to enforce or clarify the settlement despite the undersigned's involvement in the Settlement Conference?

If a settlement is not reached, all parties must be prepared to discuss these issues again at the final pretrial conference.

SIGNED on Friday, January 29, 2021.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge