## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| _____JerryMcKinney, Sr._____ | Civil No. 19-CV-01339 |
| Plaintiff | |
| VS. | JUDGE DAVID C. JOSEPH |
| __Rapides Parish Sheriff's Office, _et al.___ | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendant | |

### RULE 26(f) REPORT

Trial Date:  TBD

Pretrial Conference Date: TBD

Type of Trial:  ☐  JURY      ☒   BENCH

Estimated length of trial is <u>3</u> court days.

**1.  <u>Participants:</u>**

On December 3, 2019, the parties held a FRCP 26(f) conference. Brad Calvit and Eli Meaux attended for Defendants, William Most and Kerry Murphy for Plaintiff

**2.  <u>Affirmation Regarding Initial Disclosures:</u>**

Initial disclosures have been exchanged.

**3.  <u>Jurisdictional Basis:</u>**

Plaintiff asserts federal question jurisdiction for federal claims and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §§ 1331 & 1367. Defendants do not contest this Court has jurisdiction.

**4.  <u>Brief Description of Claims:</u>**

This case is about Deputy McKinney, a twenty-year veteran of the Rapides Parish Sheriff's Office (RPSO), who suffered a stroke in late 2017. After his stroke, McKinney was able to return to work, but did not pass his firearm recertification. So RPSO moved him to a twelve-hour shift at the jail that did not require firearm certification. Due to health concerns, McKinney asked that his schedule be modified to eight-hour shifts. The warden of the jail briefly accommodated that request, until the warden's accommodation was overridden by RPSO leadership. RPSO admits it never engaged in an interactive process of seeking accommodation with McKinney. And when McKinney continued to request an eight-hour shift, RPSO terminated him with a letter, subject line "RE: Request for Alternative Arrangement."

McKinney filed suit with claims for violation of the Americans With Disabilities Act, Louisiana Employment Discrimination Law, and Breach of Implied Covenant of Good Faith and Fair Dealing.

**5.** **Brief Statement of Responses:**

Defendants aver that Mr. McKinney has failed to meet his burden of proving his claims. Plaintiff contends in his lawsuit that he was not to be around loud noises as ordered by his neurologist.  Through discovery, it was learned that plaintiff was not providing accurate information to the neurologist.  In deposition the neurologist has now retracted the letters that plaintiff was relying upon to prove his claim.  Further, plaintiff contends he was unable to work 12 hour shifts and therefore had to work the reduced 8 hour shifts due to his inability to be around loud noises.  His time sheets reflect he was billing the sheriff for the full 12 hours.  The defendants had acted in good faith based on the information that was provided to them and the necessary elements of certain job duties.

**6.** **Anticipated Amendments to Pleadings and Motions:**

No anticipated amended pleadings at this time. The parties anticipate filing motions in limine, but no other motions at this time.

**7.** **Anticipated Expert Witnesses:**

The parties each have an expert witness for the economic component of damages.

**8.** **Discovery Plan:**

Discovery is closed.

**9.** **Stipulations:**

The parties will work together to determine whether stipulations can be agreed to in advance of trial.

**10.** **Major Issues of Fact and Law in Dispute:**

- Whether Defendants failed to provide Plaintiff with reasonable accommodation;
- Whether Defendants failed to engage in the interactive process of seeking accommodation;
- Whether Defendants engaged in retaliation in violation of the ADAA;
- Whether Defendants violated the Louisiana Employment Discrimination Law;
- Whether Defendants breached the Implied Covenant of Good Faith and Fair Dealing;
- Whether any of Defendants' affirmative defenses bar or mitigate relief;
- The quantum of Plaintiff's damages.

**11.** **Related Case Information:**

No related cases identified.

**12. <u>Alternative Dispute Resolution (ADR)</u>:**

The parties are scheduled to conduct a mediation with Judge Perez-Montes.

**13. <u>Rule 16 Conference</u>:**

The parties do not seek a Rule 16 conference at this time.

**14. <u>Electronic Courtroom</u>:**

The parties anticipate that this case will involve the admission of a reasonable amount of documents at trial and are prepared to present exhibits per the Court's electronic presentation equipment. The parties will make arrangements with the Court prior to trial to set up an appointment to become familiar with the electronic presentation equipment available.

**15. <u>Electronically Generated Exhibits or Aids</u>:**

The parties are not in a position to determine if electronically generated exhibits or aids are necessary at trial, other than electronically-generated demonstratives.

**16. <u>Handicap Provisions</u>:**

At this time, the parties do not anticipate the need for handicap accommodations for any party, witness, counsel, or other trial participant.

**17. <u>Consent Trials</u>:**

| | |
|---|---|
| 3/8/2021 | /s/ William Most |
| (Date) | (Signatures[1] of Trial Counsel) |

s/Timothy Richardson

---

[1] Electronic signatures complying with LR 5.7.08 may be used.

Page **3** of **3**