UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| JERRY MCKINNEY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-01339-DCJ-JPM |
| | ) | |
| RAPIDES PARISH SHERIFF'S OFFICE and | ) | |
| SHERIFF WILLIAM EARL HILTON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PRE-TRIAL ORDER

### 1.   JURISDICTIONAL BASIS

This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 based on the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to pursuant to 28 U.S.C. § 1367.

### 2.   CLAIMS AND RESPONSES

**Plaintiff's Claims:**

**Count One: Violation of Rights Under the Americans with Disabilities Act**

**A.  Law supporting the claim**

Under the Americans with Disabilities Act (ADA), discrimination on the basis of a disability is illegal, including an employer's failure to make a reasonable accommodation for an employee with a disability. 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9. Employers are further obligated to engage in an interactive process to identify what accommodations may be possible. 29 C.F.R. § 1630.2(o)(3); *Jackson v. Blue Mountain Production Company*, 761 Fed. Appx. 356, 362 (5th Cir. 2019). Employers also may not retaliate against employees for seeking an accommodation. 42 U.S.C. § 12203(a); 28 U.S.C § 35.134.

A prima facie case of discrimination under the ADA requires a plaintiff to show that (1) he is a "qualified individual with a disability," (2) the employer knew of the disability and need for an accommodation, and (3) the employer did not accommodate the employee. *Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013).

For the first prong, a "qualified individual" is defined as an individual with a disability who can perform the essential functions of a job, either with or without an accommodation. 42 U.S.C. § 12111(8); *E.E.O.C. v. Chevron Phillips Chemical Co., Lp*, 570 F.3d 606, 614 (5th Cir. 2009). A plaintiff is disabled if they make at least one of three showings: "an impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having a disability." 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g). Such impairments can be either mental or physical. 42 U.S.C. § 12102(1)(A). Major life activities in this context include, but are not limited to, manual tasks such as walking, standing, hearing, concentrating, etc., and the operation of major bodily functions. 29 C.F.R. § 1630.2(i)(1). Whether an impairment substantially limits a major life activity "is not meant to be a demanding standard" and "should not demand extensive analysis." 29 C.F.R. § 1630.2(j)(1)(i), (iii). Medical evidence is not required to in comparing a plaintiff's ability to perform major life activities to the general population. 29 C.F.R. § 1630.2(j)(1)(v).

The "essential functions of a job" are those that are "fundamental job duties of the employment position the individual with a disability holds or desires," as opposed to marginal duties. 29 C.F.R. § 1630.2(n)(1). Such determinations of what is an "essential function" must be made on a case-by-case basis. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 698 (5th Cir. 2014). Evidence of a similarly situated employee which "demonstrate[s] that the employment actions at issue were taken under nearly identical circumstances" can be used to show that particular job functions are not essential. " *Credeur v. La. Through Office of Attorney Gen.*, 860 F.3d 785, 795 (5th Cir. 2017) (quoting *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009).

The ADA further requires employers to engage in an interactive process with employees who request an accommodation in order to identify an appropriate accommodation. *Griffin v. United Parcel Service, Inc.*, 661 F.3d 216, 224 (5th Cir.2011). This process requires input of both parties in order to find an accommodation which allows the employee to perform the essential functions of the job. *Loulseged v. Akzo Nobel Inc*., 178 F.3d 731, 735-36 (5th Cir.1999). Employers are liable for their failure to engage in an interactive process if that failure leads to a lack of accommodation. *Griffin*, 661 F.3d at 224.

### B.  Remedy prayed for as to each defendant and law supporting that remedy

Plaintiff prays for compensatory damages of up to $300,000, the equitable remedy of front pay, attorneys' fees, and court costs. *See* 42 U.S. Code § 12188; 42 U.S. Code § 12205; 42 U.S.C. § 1981a.

## Count Two: Retaliation Under the Americans with Disabilities Act

### A.  The law supporting the claim

The ADA also makes it unlawful for any person to "intimidate, threaten, or interfere with" requesting or receiving a reasonable accommodation. 42 U.S.C. § 12203(a); 28 U.S.C § 35.13; see also *Jenkins v. Cleco Power, LLC*, 487 F. 3d 309, 316-17 (5th Cir. 2007) (explaining that requesting an accommodation is a protected activity under the ADA). In other words, an "employer may not penalize an employee for receiving a reasonable accommodation. To do so, constitutes retaliation for the employee's use of a reasonable accommodation." *[Redacted] v. Wilkie*, Appeal No. 0120171549 (EEOC Federal Sector Decisions, May 17, 2019); *Earl v. Potter*, Appeal No. 01994514 (EEOC Federal Sector Decisions, May 21, 2002). See also U.S. Equal Employment Opportunity Commission, Employer-Provided Leave and the Americans with Disabilities Act, EEOC-NVTA-2016-1 (May 9, 2016) ("employer may not penalize an employee" for using a reasonable accommodation").

To prove retalitation, a plaintiff must show that they (1) engaged in an activity protected by the ADA, (2) suffered an adverse employment action, and (3) that there is a causual connectional between the activity engaged in and the adverse action. *Mora v. Univ. of Texas Southwestern Med. Ctr.*, No. 11-10279 at *5 (5th Cir. 2012) (per curiam).

**B. Remedy prayed for as to each defendant and law supporting that remedy**

Plaintiff prays for compensatory damages of up to $300,000, the equitable remedy of front pay, attorneys' fees, and court costs. *See* 42 U.S. Code § 12188; 42 U.S. Code § 12205; 42 U.S.C. § 1981a.

## Count Three: Violation of Louisiana Employment Discrimination Law

**A. The law supporting the claim**

The Louisiana Employment Discrimination Law (LEDL) mirrors the federal ADA statute and therefore the analysis is identical to that explained in Counts One and Two. *Mincey v. Dow Chemical Co*., 217 F.Supp.2d 737, 742 (M.D. La. 2002) ("Although this Court must be cautious in interpreting the provisions of state statutes, because the Louisiana Employment Discrimination statute is essentially patterned after the ADA, the result of this Court's analysis under either statute must, necessarily, be the same."). A "Disabled person" under the LEDL is defined as "any person who has a physical or mental impairment which substantially limits one or more of the major life activities, or has a record of such an impairment, or is regarded as having such an impairment." La. R.S. § 23:322(3). "'Major life activities' means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." La. R.S. § 23:322(7). A plaintiff is qualified if they are "a disabled person who, with reasonable accommodation, can perform the essential functions of the employment position that such person holds or desires." La. R.S. § 23:322(8).

**B.  Remedy prayed for as to each defendant and law supporting that remedy**

Compensatory damages, benefits, front pay, reasonable attorney fees, and court costs. R.S. 23:303(A)

**Defendant's Responses:**

First, Mr. McKinney has failed to meet his burden of proving any disability at all in November of 2018 when he alleges the discrimination occurred.  His treating neurologist will testify that he was back to baseline in May of 2018 and that the hearing test showed no sensitivity.

Second, the November 27, 2018 letter upon which plaintiff relies upon to base his disability has been retracted by the treating physician because he was misled by Mr. McKinney's failure to disclose relevant information that he was shooting weapons.  Mr. McKinney cannot base his claim for discrimination on a letter that was inappropriately obtained and which has been retracted by the physician who wrote it.

Third, Mr. McKinney testified he could not perform an essential task of the job which is working 12-hour shifts with inherent noise.

Fourth, he testified that being in corrections creates a danger to himself and the inmates and hence the ADA does not require an accommodation.

Fifth, what Plaintiff wants is a transfer which is not a remedy under the ADA.

1)      Plaintiff cannot meet his burden of proof

Plaintiff cannot prove he was an individual with a disability in November of 2018. Under the ADA, it is the plaintiff who bears the ultimate burden that he is disabled and was discriminated against due to the disability.   Daigle v. Liberty Life Insurance Co., 70 F.3d 394, 396 (5th Cir. 1995).  As indicated previously, the treating neurologist did not render him disabled, gave no disability rating, testified he was back to baseline in May of 2018 and retracted both the July and November 2018 letters he had written.  Further, his actions in shooting 1000

rounds belies his argument that he had some deficit.  Hence, plaintiff is unable to prove the first and fundamental element of his claim.

2)      The letter upon which Plaintiff relies upon has been retracted

Plaintiff's entire claim surrounds the November 27, 2018 letter which he argues verifies a disability and alleged  discrimination.  The neurologist, however, has retracted that letter. According to the neurologist as indicated above, Mr. McKinney had a small stroke, not one that made him impaired.  He returned to baseline in May of 2018.  There was no objective evidence of Plaintiff's subjective complaints of hypersensitivity to sound.  The audiogram was normal and the July and November letters that plaintiff relied upon to allege discrimination have now been retracted.  Plaintiff obtained that letter by telling the physician he was hypersensitive to sound and could not shoot weapons when in actuality he was shooting 1000 rounds.  Plaintiff cannot rely upon an improperly and retracted letter to create a Federal ADA claim.

3)      Plaintiff testified he could not perform the essential elements of the job

12-hour shifts are essential.  The witnesses will testify that 12 hour shift are essential to the duties of a jailer.

 Under the law a function is "essential" if it bears "more than a marginal relationship" to the employee's job.  Chandler v. City of Dall, 2 F.3d 1385, 1393 (5th Cir. 1993

The ADA "does not require an employer to transfer from the disabled employee any of the essential functions of his job," and a court cannot determine that a Plaintiff can perform the essential functions of his or her job with reasonable accommodation "if the only successful accommodation is for [the Plaintiff] not to perform those essential functions."  Barber v. Nabors Drilling U.S.A., Inc., 130 F.3d 702, 709 (5th Cir. 1997).

4)      Plaintiff testified that being in corrections creates a danger to himself and the inmates and hence the ADA does not require an accommodation

6

Assuming plaintiff's letter had not been retracted, that he had not shot 1000 rounds of ammunition and that he was truly disabled, plaintiff admits he could not do the job anyway because the noise is a constant and because in his condition it would be a danger to himself and the inmates.

The law is clear "the ADA does not require an employer to accommodate an individual if the employee would pose a direct threat to the health and safety of others."   Robertson v. The Neuromedical Center, 161 F.3d 292 (5th Cir. 1998), citing Turco v. Hoechst Celanese Corp., 101 F. 3d 1090 (5th Cir. 1996). Here, because plaintiff admits that performing the task with is alleged disability would be a danger to himself an the inmates, plaintiff's claim fails.

5)      Plaintiff's request for a transfer is not a remedy under the ADA

Plaintiff requests in his December 5, 2018 letter to "change my location and work schedule so that I can work eight (8) hours per day and not the twelve (12) I am currently assigned.  I am requesting that I be placed in administrative work or work where are (sic) there are no loud noises."  The  Fifth Circuit has held that "we do not read the ADA as requiring affirmative action in favor of individuals with disabilities, in the sense of requiring that disabled persons be given priority in hiring or reassignment over those who are not disabled.  It prohibits employment discrimination against qualified individuals with disabilities, no more and no less."   Robertson v. The Neuromedical Center, 161 F.3d 292 (5th Cir. 1998), citing Turco v. Hoechst Celanese Corp., 101 F. 3d 1090 (5th Cir. 1996). Furthermore, The ADA "does not require an employer to transfer from the disabled employee any of the essential functions of his job," and a court cannot determine that a plaintiff can perform the essential functions of his or her job with reasonable accommodation "if the only successful accommodation is for [the plaintiff] not to perform those essential functions." Barber v. Nabors Drilling U.S.A., Inc. 130 F.3d 702, 709 (5th Cir. 1997).

Thus, plaintiff's request, despite it being made following an improperly obtained medical letter, is not proper under the ADA.  Plaintiff, even if disabled, is not entitled to an automatic transfer outside of corrections (to which he was assigned and to which he had prior experience) to administration: an entirely separate section of the sheriff's office.  Furthermore, he could not go back to his position as a bailiff because he lost his POST certification and that is a requirement for a bailiff.  The ADA provides for reasonable accommodation to truly disabled individuals to help them perform the job to which they are assigned.  In this case, plaintiff was assigned to a jailer in corrections and he contends he could not do those job duties: ie 12 hours and being around loud noises.  He is simply not entitled to a transfer under the law.

There is no violation under the ADA or state law.  Likewise, there is no retaliation for any disability for an individual who has not met the requierments of being an individual with a disability who could not perform the essential elements of the work to which he was assigned. The defendants did asssit in having Mr. McKinney back to the jail after he was unable to qualify with his weapon.  He is not entitled under the law to be transferred to another position of his choosing.  The employer can provide accomodations to a specific job function but Mr. McKinney claimed he could not meet those functions.  The defendants did not retaliate against the plaintiff who was either not disabled or unable to peform the essential duties of his job.

3.    **ISSUES OF FACT AND ISSUES OF LAW**

    **Unresolved issues of fact and law:**

    A.  Whether Mr. McKinney was a qualified individual with a disability;

    B.  Whether RPSO failed to provide a reasonable accommodation;

    C.  Whether RPSO engaged in the interactive process of seeking accommodation;

    D.  Whether RPSO retaliated against Mr. McKinney for protected conduct;

    E.  Whether 12-hour shifts are an essential function of employment at RPSO;

    F.   Whether a reasonable accommodation for Mr. McKinney existed;

    G.  Whether Defendant's stated reasons for termination were pretextual.

**4.**    <u>**STIPULATIONS**</u>

Below are the matters to which the parties have stipulated.

1. Jerry McKinney was a deputy for former Sheriff Charles "Chuck" Wagner and former Sheriff William Earl Hilton from 1998 to December 2018.

2. Jerry McKinney was a deputy in Corrections beginning in 1998.

3. Jerry McKinney was transferred from Corrections to Courtroom Security in 2009.

4. On November 29, 2017, Jerry McKinney suffered a stroke.

5. Jerry McKinney returned to work for former Sheriff Hilton in February 2018.

6. Jerry McKinney returned to his position in Courtroom Security in February 2018.

7. Major Mark Wood, now Sheriff, wrote a letter dated November 8, 2018.

8. Jerry McKinney did not request to be transferred from Courtroom Security to Corrections.

9. On November 27, 2018, Jerry McKinney submitted a letter from his doctor to his supervisor.

10. Warden Antoine Batiste was Jerry McKinney's Corrections supervisor.

11. On November 29, 2018, Major Doug Hollingsworth sent a letter to Jerry McKinney.

12. On December 5, 2018, Jerry McKinney sent a letter to the Rapides Parish Sheriff's Office Human Resources Department.

13. On December 10, 2018, former Sheriff Hilton sent Jerry McKinney a letter.

14. On December 17, 2018, Jerry McKinney sent former Sheriff Hilton a letter.

15. On December 19, 2018, former Sheriff Hilton sent Jerry McKinney a letter.

16. On April 26, 2019, Jerry McKinney filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on disability.

17. On July 15, 2019, Jerry McKinney amended his EEOC charge to include a retaliation claim.

18. On July 16, 2019, the EEOC issued a Dismissal and Notice of Rights to Jerry McKinney.

19. At all relevant times, former Sheriff Hilton employed more than 20 employees.

**A. Legal Stipulations**

Plaintiff offered proposed legal stipulations to Defendant.

Defendant will not stipulate to the law applicable to the claims because Judge Joseph will decide the law.

**5.   WILL CALL WITNESSES**

Pursuant to Fed. R. Civ. P. 26(a)(3)(A), Plaintiff intends to call the following witnesses:

A. **Pamela McKinney**; contact through counsel; plaintiff has personal knowledge of the facts and circumstances surrounding the allegations in the complaint, including but not limited to observations of Jerry McKinney Sr.'s disability and the effect of his termination, as well as facts relevant to Plaintiff's economic and non-economic damages.

B. **William Earl Hilton**; address and telephone previously disclosed; witness has personal knowledge of RPSO policies and procedures, Jerry McKinney Sr.'s requests for accommodation, Jerry McKinney Sr.'s termination, and other factual information.

C. **Dr. G. Randolph Rice**; address and telephone previously disclosed; expert witness with regard to quantum of Plaintiff's economic damages.

D. **Antoine Batiste**; address and telephone previously disclosed; witness has personal knowledge of Jerry McKinney Sr.'s requests for accommodation, RPSO policies and procedures, and other factual information.

E. **Douglas Hollingsworth**; address and telephone previously disclosed; witness has personal knowledge of RPSO policies and procedures, Jerry McKinney Sr.'s requests for accommodation, Jerry McKinney Sr.'s termination, and other factual information.

Pursuant to Fed. R. Civ. P. 26(a)(3)(A), Defendants will call the following witnesses:

William Earl Hilton - Former Sheriff of Rapides Parish
P O Box 117
Hineston, LA 71438
Witness has personal knowledge of RPSO policies and procedures, accommodation process, McKinney's separation from RPSO, all matters addressed by him during 30(b)(6) deposition, and other factual information relative to the facts of the Plaintiff's claims.

Debbie McBeth - Former Chief Administrator for former Sheriff Hilton
419 Timber Ridge
Woodworth, LA 71485
Witness has personal knowledge of RPSO policies and procedures, all matters

addressed by her during 30(b)(6) deposition, and information relative to retirement system and contributions of deputies.

Major Doug Hollingsworth
700 Murray Street
Alexandria, LA 71301
Witness has personal knowledge of RPSO policies and procedures, accommodation process, McKinney's separation from RPSO, Antoine Batiste's performance and termination, and other factual information.

Dr. Mohammad R. Hajmurad via deposition
1010 Bayou Trace Drive
Alexandria, LA 71303
Witness has personal and expert knowledge of McKinney's treatment and disability status, as well as general medical knowledge concerning stroke and associated maladies.

John Theriot
611 N. Causeway Blvd.
Metairie, Louisiana 70001
Expert witness with regard to quantum of Plaintiff's economic damages and response to Plaintiff's expert, Dr. G. Randolf Rice.

6.   **MAY CALL WITNESSES**

**Pursuant to Fed. R. Civ. P. 26(a)(3)(A), Plaintiff may call the following witnesses:**

A. **Debbie McBeth**; address and telephone previously disclosed; witness was proferred by RPSO as 30(b)(6) witness on topics, including 30(b)(6) Topics  1, 2, 3, 5, 6, 8-15, and 20-23.

B. **Stacy McCain**; address and telephone previously disclosed; witness was proferred by RPSO as 30(b)(6) witness on topics, including meaning of payroll records.

C. **Jackie Mitchell**; address and telephone previously disclosed; witness has personal knowledge of RPSO policies and procedures, RPSO treatment of employees requesting accommodation, and other factual information.

D. Any other witness identified by Defendants.

**Pursuant to Fed. R. Civ. P. 26(a)(3)(A), Defendants may call the following witnesses:**

Deputy Stacy McCain
700 Murray Street
Alexandria, LA 71301
Witness has personal knowledge of RPSO policies and procedures, all matters addressed by her during 30(b)(6) deposition, and information relative to retirement

system and contributions of deputies.

Pamela McKinney
Through counsel for plaintiff
Plaintiff has personal knowledge of the facts and circumstances surrounding the allegations in the complaint, including but not limited to observations of Jerry McKinney Sr.'s disability and the effect of his termination, as well as facts relevant to Plaintiff's economic and non-economic damages.

## 7.      EXHIBITS

**Pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), Plaintiff will use at trial the following exhibits:**

| Ex. No. | Bates Number | Doc. Date | Description | Ref | Defendant's Objections/ Comments |
|---|---|---|---|---|---|
| 1 | P0001-9 | Aug. 20, 1997 | Jerry McKinney Application for Employment | Doc. 1-1 | No Objection ................JOINT |
| 2 | P0010 | Oct. 11, 2019 (accessed) | RPSO Finance Division Website | Doc. 1-2 | Objection - Relevance |
| 3 | P0011 | Sep. 22, 1998 | Jerry McKinney Correctional Officer Certificate | Doc. 1-3 | No Objection ................JOINT |
| 4 | P0012 | Jul. 31, 2018 | Letter from Dr. Hajmurad | 30(b)(6) Depo, Ex. 37 | No Objection ................JOINT |
| 5 | P0013 | Nov. 27, 2018 | Letter from Dr. Hajmurad | Doc. 1-4 | No Objection ................JOINT |
| 6 | P0014 | Nov. 8, 2018 | Letter from Major Mark Wood | Doc. 1-5 | No Objection ................JOINT |
| 7 | P0015 | Nov. 29, 2018 | Letter from Doug Hollingsworth | Doc. 1-6 | No Objection ................JOINT |
| 8 | P0016 | Dec. 5, 2018 | Letter from Jerry McKinney | Doc. 1-7 | No Objection ................JOINT |
| 9 | P0017 | Dec. 10, 2018 | Letter from Sheriff Hilton | Doc. 1-8 | No Objection ................JOINT |
| 10 | P0018 | Dec. 17, 2018 | Letter from Jerry McKinney | Doc. 1-9 | No Objection ................JOINT |
| 11 | P0019 | Dec. 19, 2018 | Termination letter | Doc. 1-10 | No Objection ................JOINT |
| 12 | P0020 | Nov. 9, 2018 | Notice of Personnel Action | N/A | No Objection ................JOINT |

| Ex. No. | Bates Number | Doc. Date | Description | Ref | Defendant's Objections/ Comments |
|---|---|---|---|---|---|
| 13 | P0021 | Dec. 20, 2018 | Termination of Group Benefits | N/A | No Objection ................. JOINT |
| 14 | P0022-23 | Oct. 10, 2019 (accessed) | RPSO Personnel Website | Doc. 1-11 | Objection - Relevance |
| 15 | P0024 | Oct. 10, 2019 (accessed) | RPSO Website Welcome Page | Doc. 1-12 | Objection - Relevance |
| 16 | P0025-26 | May 7, 2019 | Firearm Incident Report | 30(b)(6) Depo, Ex. 34 | No Objection ................. JOINT |
| 17 | P0027 | Apr. 26, 2019 | EEOC Charge of Discrimination | Doc. 1-13 | No Objection ................. JOINT |
| 18 | P0028 | Jul. 15, 2019 | Amended Charge of Discrimination | Doc. 1-14 | No Objection ................. JOINT |
| 19 | P0029-31 | Jul. 16, 2019 | EEOC Dismissal and Notice of Rights | Doc. 1-15 | No Objection ................. JOINT |
| 20 | P0032-43 | Jan. 30, 2020 | Defendant's Responses to First Requests for Admission | N/A | Objection - Foundation & relevance |
| 21 | P0044-61 | Feb. 7, 2020 | Defendant's Responses to First Set of Interrogatories and Requests for Production | 30(b)(6) Depo, Ex. 2 | Objection - Foundation & relevance |
| 22 | P0062-75 | Feb. 14, 2020 | Defendant's Supplemental Responses to First Set of Interrogatories and Requests for Production | 30(b)(6) Depo, Ex. 11 | Objection - Foundation & relevance |
| 23 | P0076-82 | Mar. 18, 2020 | Defendant's Second Supplemental Responses to Second Set of Interrogatories, Requests for Production, and Requests for Admission | 30(b)(6) Depo, Ex. 3 | Objection - Foundation & relevance |
| 24 | P0083-87 | Feb. 17, 2020 | Defendant's Responses to Second Set of Requests for Admission | 30(b)(6) Depo, Ex. 5 | Objection - Foundation & relevance |
| 25 | P0088-90 | Mar. 30, 2020 | Defendant's Responses to Third Set of Requests for Admission | 30(b)(6) Depo, Ex. 6 | Objection - Foundation & relevance |

| Ex. No. | Bates Number | Doc. Date | Description | Ref | Defendant's Objections/ Comments |
|---|---|---|---|---|---|
| 26 | P0091-93 | Apr. 8, 2020 | Defendant's Responses to Fourth Set of Requests for Admission | 30(b)(6) Depo, Ex. 7 | Objection - Foundation & relevance |
| 27 | P0094-99 | May 28, 2020 | Defendant's Response to Sixth Set of Discovery Requests | 30(b)(6) Depo, Ex. 8 | Objection - Foundation & relevance |
| 28 | P0100 | Jul. 22, 2020 | Defendant's Response to Interrogatory No. 21 | N/A | Objection - Foundation & relevance |
| 29 | P0101-107 | Aug. 6, 2020 | Defendant's Response to Seventh Set of Discovery | N/A | Objection - Foundation & relevance |
| 30 | P0108-156 | Aug. 20, 2020 | Defendant's Response to Ninth Set of Discovery | Doc. 26-21 | Objection - Foundation & relevance |
| 31 | P0157-158 | Apr. 8, 2020 | Defendant's Supplemental Response to Interrogatory No. 13 | 30(b)(6) Depo, Ex. 4 | Objection - Foundation & relevance |
| 32 | P0159-161 | May 28, 2020 | Defendant's Response to Request for Production No. 40 | 30(b)(6) Depo, Ex. 9 | Objection - Foundation & relevance |
| 33 | P0162-163 | May 26, 2020 | Defendant's Response to Request for Admission No. 56 | 30(b)(6) Depo, Ex. 10 | Objection - Foundation & relevance |
| 34 | P0164-320 | Sep. 14, 2020 | Depo of Jerry McKinney | | No Objection .................JOINT |
| 35 | P0321-491 | Unknown | RPSO Policy and Procedure Manual | 30(b)(6) Depo, Ex. 28 | Objection - Relevance entire manual<br><br>No Objection .................JOINT pps. 322-336; 356; 358-366; 405-427 and 201 |
| 36 | P0492-495 | Jan. 1, 2012 | RPSO Gen. Order 200 | N/A | Objection - 492-494 - relevance (p. 495 same as p. 356) |

| Ex. No. | Bates Number | Doc. Date | Description | Ref | Defendant's Objections/ Comments |
|---|---|---|---|---|---|
| 37 | P0497 | Unknown | Photo of Jerry McKinney | N/A | No Objection ................. JOINT |
| 38 | P0498 | Feb. 1, 1998 | Photo of Jerry McKinney | N/A | No Objection ................. JOINT |
| 39 | P0 499-647 | Various | RPSO Assignment Schedules, 2018 | 30(b)(6) Depo, Ex. 30 | No Objection ................. JOINT |
| 40 | P0448-803 | Various | RPSO Assignment Schedules, 2019 | 30(b)(6) Depo, Ex. 31 | No Objection ................. JOINT |
| 41 | P0804-806 | Unknown | Jerry McKinney Resume | N/A | No Objection ................. JOINT |
| 42 | P0807 | Dec. 20, 2018 | Louisiana Workforce Commission Separation Notice | N/A | No Objection ................. JOINT (Would like Entire file as Joint) |
| 43 | P0808 | Feb. 12, 2020 | RPSO Chain of Command Chart | N/A | No Objection ................. JOINT |
| 44 | P0809-833 | Unknown | RPSO Job Descriptions | N/A | No Objection ................. JOINT |
| 45 | P0834-840 | Various | Emails, letters regarding Dr. Hajmurad Letter | Depo Hollingsworth Ex. 50 | No Objection ................. JOINT |
| 46 | P0841-843 | Dec. 5, 2018 | Email from Alma Perkins and attachments | Depo Hollingsworth Ex. 44 | No Objection ................. JOINT |
| 47 | P0844 | N/A | 2018 Calendar | | No Objection ................. JOINT |
| 48 | P0845-847 | Oct. 1, 1998 | RPSO Organization Chart | Depo Hollingsworth Ex. 43 | No Objection ................. JOINT |
| 49 | P0848 | Dec. 6, 2018 | Katrina Clinton Notice of Personnel Action | Depo Hollingsworth Ex. 46 | No Objection ................. JOINT |
| 50 | P0849-850 | July 31, 2018 | Report by Dr. Hajmurad | Doc. 37-5 | No Objection ................. JOINT (Would like entire file as Joint) |
| 51 | P0852 | July 31, 2018 | Prescription | Doc. 37-7 | No Objection ................. JOINT |
| | | | Any Depo transcript needed for impeachment | | |

| Ex. No. | Bates Number | Doc. Date | Description | Ref | Defendant's Objections/ Comments |
|---|---|---|---|---|---|
| | | | Any document listed by Defendant | | |

**Pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), Defendant will use at trial the following exhibits:**

A.  Time Sheets EM2821-2823, EM5903-5921;

B.  Payroll Records;

C.  Supplemental Pay Records;

D.  Alexandria Neuro Center Records;

E.  Complaint;

F.  November 8, 2018 Transfer Notice from Major Wood to Deputy McKinney, Exhibit to Complaint;

G.  November 29th, 2018 Letter, Exhibit to Complaint;

H.  December 5th, 2018 Letter, Exhibit to Complaint;

I.  December 10th, 2018 Letter, Exhibit to Complaint;

J.  December 17, 2018 Request for Accommodation Letter, Exhibit to Complaint;

K.  December 19th, 2018 Letter, Exhibit to Complaint;

L.  EEOC Charge, Exhibit to Complaint;

M.  Firing Range Report FIR1-FIR9;

N.  RPSO Assignment Schedule for 2018 and 2019;

O.  Deposition of Dr. Hajmurad;

P.  Plaintiff's tax returns from 2013-2018 and documents relied upon and referenced in the expert report of John Theriot;

Q.  February 1, 2019 Plaintiff Approval Letter for Pension;

R.  Any exhibits listed by Plaintiff

**8.    OBJECTIONS TO WITNESS AND EXHIBIT LISTS**

Plaintiff objects on grounds of relevance to Defendants' Exhibits A (Time Sheets), B, and C (Payroll Records) Exhibits to the extent that they are used for any purpose other than establishing Mr. McKinney's standard salary and the dates of any eight-hour shifts. Plaintiff objects on grounds of relevance and foundation to Defendant's Exhibit E (Plaintiff's Complaint), as a pleading is not evidence.

Defendant objects to the specific exhibits as noted and identified in the Plaintiff's exhibit list.

**9.    COUNSEL AFFIRMATIONS**

Counsel for Plaintiff affirms that he has scheduled a training with the Electronic Coordinator for the Western District of Louisiana regarding the operation of the electronic equipment available in the courtroom.

Counsel for Defendant affirms that he is familiar with the operation of the electronic equipment available in the courtroom.

Respectfully submitted,

*/s/ William Most*
William Most (La. Bar No. 36914)
David Lanser (La. Bar No. 37764)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

Kerry A. Murphy (La. Bar No. 31382)
KERRY MURPHY LAW LLC
715 Girod Street, Suite 250
New Orleans LA 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
Email: kmurphy@kerrymurphylaw.com

***Counsel for Plaintiff***

and

*/s/ H. Bradford Calvit*
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com

17

ELI J. MEAUX (#33981)
emeaux@provosty.com
PROVOSTY, SADLER & deLAUNAY, APC
934 Third Street, Suite 800
P.O. Box 13530
Alexandria, LA 71315-3530
P: 318/767-3133 F: 318/767-9650

TIMOTHY R. RICHARDSON (LSBN 27625)
RONALD S. BRYANT (LSBN 36110)
USRY & WEEKS, APLC
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
P: (504) 592-4600 F: (504) 592-4641
Email: trichardson@usryweeks.com
Email: sbryant@usryweeks.com

*Counsel for Defendants*